UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| RENEE CEASAR, ) | Civil Action No.: 4:11-cv-3397-MGL-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **ORDER** |
| ) | |
| MARION COUNTY and MARION ) | |
| COUNTY DETENTION CENTER; ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

In her Complaint, Plaintiff appears to have alleged a claim for failure to promote in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e) et seq. Although Defendants recognize a claim for failure to promote in their Reply (Document # 17) to their Motion for Summary Judgment (Document # 14), they do not address Plaintiff's failure to promote cause of action. If further appears that Plaintiff failed to raise a claim of failure to promote in her Charge of Discrimination with the Equal Employment Opportunity Commission. There, Plaintiff alleged that the discrimination began and ended on January 14, 2011, the date of her termination. Charge of Discrimination (attached as Ex. 14 to Plaintiff's Response to Motion for Summary Judgment). Further, in the narrative portion of the Charge, she discusses only a claim for the termination of her employment Id. A Title VII plaintiff must first "exhaust her administrative remedies by bringing a charge with the EEOC." Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir.2000). "The scope of the plaintiff's right to file a federal lawsuit is determined by the charge's contents." Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir.2009). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." Id.

(internal quotation marks omitted). "[A] failure by the plaintiff to exhaust administrative remedies ... deprives the federal courts of subject matter jurisdiction over the claim." Id.; see also In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir.1998) (holding that courts have a responsibility to raise issues of subject matter jurisdiction sua sponte). Accordingly, the parties are directed to brief the court as to whether Plaintiff's failure to promote claim is properly before this court. **The parties' briefs are due no later than Monday, May 13, 2013.**

    **IT IS SO ORDERED.**

                               s/Thomas E. Rogers, III
                               Thomas E. Rogers, III
                               United States Magistrate Judge

May 6, 2013
Florence, South Carolina