UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| RENEE CEASAR, ) | Civil Action No.: 4:11-cv-3397-MGL-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| MARION COUNTY and MARION ) | |
| COUNTY DETENTION CENTER; ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**I.     INTRODUCTION**

This action arises out of Plaintiff's employment with Defendant Marion County at the Marion County Detention Center. Plaintiff alleges that Defendants discriminated against her based upon her gender in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e) et seq.[1] Presently before the Court is Defendants' Motion for Summary Judgment (Document # 14). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), DSC. Because this is a dispositive motion, this Report and Recommendation is entered for review by the district judge.

**II.    FACTS**

Plaintiff worked two stints at the Marion County Detention Center. The first was from December 7, 1998 until her resignation on April 23, 2004. Plaintiff Dep. pp. 28, 39-41. Following her resignation, she immediately went to work with the Florence County Detention Center where she was employed until August 2005. In August 2005, Plaintiff was rehired at the Marion County

---

[1] Plaintiff's Complaint also cites 42 U.S.C. § 1981. However, § 1981 applies only to claims of discrimination based upon race. See, e.g., Spriggs v. Diamond Auto Glass, 165 F.3d 1015, 1018 (4th Cir.1999). Plaintiff makes no allegations of racial discrimination. Therefore, the court assumes that the inclusion of § 1981 was simply a clerical error.

Detention Center as a shift supervisor at Lieutenant rank. She continued to serve as the shift supervisor until her removal on January 14, 2011. James Dep. p. 11. Major Paul James described Plaintiff as one of his best employees. Id. p. 12.

The State of South Carolina requires that all detention center officers successfully complete the Criminal Justice Academy Basic Jail Training within one year of their original date of hire. See S.C. Code Ann. § 23-23-40.[2] The State law further requires that detention officers maintain their certification through a minimum of forty training hours per year. James Dep. p. 13. Certifications expire three years after the date of issuance of the certificate. See S.C. Code Ann. § 23-23-60(C). If the certification lapses, the officer must, inter alia, "present evidence satisfactory to the director of successful completion of a course of law enforcement training as established and approved by the director, and conducted at an academy or institution approved by the director, this evidence to consist of a certificate granted by the approved institution." S.C. Code Ann. §§ 23-23-60(B)(9) and (C).

Plaintiff's initial training occurred November 29, 1999 to December 8, 1999, January 12, 2000, and January 21, 2000. As of January 21, 2000 the Plaintiff was certified for a 3-year period. Jan. 21, 2000 Certification Letter (attached as Ex. A to Defendants' Motion). On January 21, 2003 the Plaintiff was re-certified through January 21, 2006. Jan. 31, 2003 Certification Letter (attached

---

[2]S.C. Code Ann. § 23-23-40 provides,
No law enforcement officer employed or appointed on or after July 1, 1989, by any public law enforcement agency in this State is authorized to enforce the laws or ordinances of this State or any political subdivision thereof unless he has been certified as qualified by the Law Enforcement Training Council, except that any public law enforcement agency in this State may appoint or employ as a law enforcement officer, a person who is not certified if, within one year after the date of employment or appointment, the person secures certification from the council . . . . Should any such person fail to secure certification within one year from his date of employment, he may not perform any of the duties of a law enforcement officer involving control or direction of members of the public or exercising the power of arrest until he has been certified. He is not eligible for employment or appointment by any other agency in South Carolina as a law enforcement officer, nor is he eligible for any compensation by any law enforcement agency for services performed as an officer.

as Ex. B to Defendants' Motion); Plaintiff Dep. pp. 65-66. Defendant asserts that there is no evidence in the record that Plaintiff's certification was renewed when it expired on January 21, 2006.

Major Paul James was hired as the Detention Center Director on June 1, 2010. James Dep. p. 16. Plaintiff avers that Major James instituted a new system of operating the Detention Center yet failed to give Plaintiff the opportunity to learn the system and disciplined Plaintiff for violations of the new system. Id. ¶¶ 17-20. Plaintiff received a verbal reprimand on September 14, 2010, and a written reprimand on December 2, 2010, both for failure to properly enter information into a computer. Reports of Disciplinary Action (attached as Ex. 12 to Plaintiff's Response).

Shortly after assuming his position, Major James communicated with the Criminal Justice Academy regarding the certification of his detention center officers. He discovered that of his twenty-eight officers, twenty-three, including Plaintiff, were not certified. James Dep. pp. 21-22. Upon learning of the certification deficiencies, Major James began communicating with Hubert Harrell, the Director of the South Carolina Criminal Justice Academy. Major James requested and was granted a six month extension for certification of officers who had already been employed longer than one year. James Dep. p. 21; Letter Requesting Extension (attached as Ex. C to Defendants' Motion). On September 17, 2010, Major James requested that the Academy conduct a special class in Marion County in order to shorten the process. This request was denied. James Dep. p. 33; Letter Requesting Special Class (attached as Ex. D to Defendants' Motion).

Plaintiff was the first of the Detention Center officers to attend the Criminal Justice Academy Certification Program. She began the program on or about August 2, 2010. On August 6, 2010, she failed the Unit 1 Basic Jail Training examination and was dismissed from the program effective that day. Mr. Harrell forwarded Major James a letter explaining the process for re-enrollment of Plaintiff in the training program. Harrell's Letter Regarding Re-Enrollment (attached as Ex. E to Defendants'

-3-

Motion). In his letter of August 6, 2010, Director Harrell advised that while Plaintiff was eligible for re-enrollment in the program, if she did not successfully complete the program the second time around, she would not be eligible for re-enrollment at the Criminal Justice Academy for a period of one year and, pursuant to S.C. Code Ann. § 23-23-40, would be unable to serve as a law enforcement officer during that time.  Id.

On August 20, 2010, Major James forwarded a letter to the Criminal Justice Academy requesting the Plaintiff be"recycled" into the program and given an opportunity to become re-certified.  In his request, Major James noted "She is one of my best officers and I understand that if she does not pass again she will have to wait 1 year before she can be accepted into the Academy. Ms. Hughes I really want her to make it this time so I am respectfully requesting that the Academy give her another opportunity to try again." Letter Requesting Plaintiff's Admission (attached as Ex. F to Defendants' Motion). By letter dated August 23, 2010, the South Carolina Criminal Justice Academy notified Major James that the Plaintiff was rescheduled to attend a training session from November 29 through December 17, 2010. Letter Regarding Second Training Session (attached as Ex. G to Defendants' Motion). The letter from the Criminal Justice Academy noted that in the event the officer failed the second attempt, "the officer will NOT be allowed to be presented for any mandated law training (basic law, basic jail or limited duty) until 12 months from the date of the second failure."  Id.

Major James faced a logistical challenge in maintaining adequate staffing levels while at the same time allowing his officers to attend the Criminal Justice Academy to become certified.  Several of the officers decided not to attend the Academy for various reasons and submitted their resignations. Others attended and, like the Plaintiff, did not successfully complete the program. James Dep. pp. 22 - 23; List of Officers' Status of Certification (attached as Ex. H to Defendants'

-4-

Motion). On November 10, 2010, Tim Harper, the Marion County Administrator, posted a memorandum stating that "Effective immediately, anyone attending the Training Academy for Basic Detention Officer Certification will not be given the opportunity to go back for a second time if they fail on their first attempt. We only have a small number of slots in each class and a mandated time to get our existing staff certified." Harper Memorandum (attached as Ex. I to Defendants' Motion). This particular mandate did not apply to Plaintiff and she was encouraged to retake the certification program. In an effort to give Plaintiff additional time to prepare for the program, her second class was rescheduled from November 2010 to January 2011. Letter Regarding Rescheduled Training Session (attached as Ex. J to Defendants' Motion).

On January 13, 2011, Plaintiff again scored a failing grade on one of the units in the training class. By letter dated January 14, 2011, Mr. Harrell notified Major James. Notice of Plaintiff's Failure (attached as Ex. K to Defendant's Motion). In the letter, Mr. Harrell reiterated that since the Plaintiff had failed twice, she would not be eligible for re-enrollment until one year from January 13, 2011. Id. Mr. Harrell also referenced S.C. Code Ann. §23-23-40, which prevented Plaintiff from serving as a law enforcement officer until she obtained the proper certification. Id. In concluding, Mr. Harrell noted "[a]s unfortunate as such instances may seem at the time, maintaining the integrity of the academic training program for South Carolina's law enforcement officers benefits us all in providing for a strong future for our profession." Id.

Plaintiff and Major James communicated regarding the dismissal. Major James issued Plaintiff a termination letter dated January 14, 2011, referencing §23-23-40 as the reason for termination. Termination Letter (attached as Ex. L to Defendants' Motion). Major James offered the Plaintiff a two-week notice period in which to make alternative job arrangements. The Plaintiff declined the offer and has not returned to the Defendant's employment. Major James forwarded the

South Carolina Criminal Justice Academy a Personnel Change In Status Report Notification and noted that the date of separation was January 14, 2011 for failure to successfully complete basic training. Personnel Change Notification (attached as Ex. M to Defendants' Motion). Major James also noted that the separation did not involve misconduct or otherwise disqualify eligibility for certification. Id. Plaintiff acknowledged in her deposition that her employers, including Major James, encouraged her to pass the examination. Plaintiff Dep. p. 49.

Plaintiff asserts that Officer Quinton Davis was treated more favorably than she was. However, like Plaintiff, Davis attempted re-certification twice prior to being terminated for failing to pass the certification tests. James Dep. p. 15. Officer Quinton Davis's first attempt at re-certification was in January of 2011, the same time as Plaintiff's second attempt at re-certification. Plaintiff Dep. p. 54. Davis failed his first attempt at re-certification. Despite Harper's mandate of November 10, 2010, that no officers would be allowed a second attempt at re-certification if he or she failed the first attempt, Davis was allowed a second attempt at re-certification. Major James explained that Davis was allowed a second attempt due to the fact that he had lost so many male officers that it was causing a hardship at the facility. James Dep. pp. 33-34.[3] Davis did not pass his second attempt and, like the Plaintiff, was terminated and offered a 2-week notice, of which he took advantage. Davis' termination was effective in March of 2011. Id. p. 15. Davis reapplied to the Detention Center and was rehired on August 13, 2012. Id. At the time of Major James' deposition, Davis had not yet returned to the Criminal Justice Academy for certification. Id.

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) on May 18, 2011, alleging gender discrimination. Plaintiff received a Right

---

[3] Major James generally had approximately sixty-four male inmates and five female inmates. Id. p. 34.

to Sue Letter on September 2, 2011. Plaintiff filed the present action in the Court of Common Pleas, Marion County, South Carolina, on November 2, 2011. Defendants removed the case to this court on December 14, 2011.

### III.    STANDARD OF REVIEW

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324. Rather, the party must present

evidence supporting his or her position by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed.R.Civ.P. 56(c)(1)(A); see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

### IV.     DISCUSSION

Plaintiff alleges that Defendants discriminated against her because of her gender in violation of Title VII. Title VII makes it "an unlawful employment practice for an employer-(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin...." 42 U.S.C. § 2000e–2(a)(1). In the absence of direct evidence of discrimination, courts apply the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) for claims pursuant to Title VII. Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 285 (4th Cir.2004). To establish a prima facie case, the plaintiff must show: (1) that she is a member of a protected class; (2) that she was discharged; (3) that she was qualified for her job and her job performance was satisfactory at the time of discharge; and (4) that similarly situated employees outside of her class were treated more favorably under apparently similar circumstances. Honor v. Booz—Allen & Hamilton, Inc., 383 F.3d 180, 188 (4th Cir.2004); Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 133 (4th Cir.2002).

Defendant argues that Plaintiff fails to present evidence sufficient to establish a prima facie case of discrimination because she did not meet the statutory requirements for her position and

cannot point to any male officer who was treated more favorably than she was.

First, as described above, as a law enforcement officer with the Marion County Detention Center, Plaintiff was required by law to maintain proper certification. If she did not maintain the proper certification, she was not eligible to serve as a law enforcement officer. Part of her certification requirement was that she either obtain the requisite training hours each year or, if she failed to do so and her certification lapsed, return to the Criminal Justice Academy and successfully complete the program there. Plaintiff does not dispute that these prerequisites were required for her position. She further acknowledges that she failed to meet these requirements. Thus, Plaintiff fails to show that she was qualified for her position at the time of her termination.

Second, although Plaintiff points to Quinton Davis as a male officer who was treated more favorably than she was, the facts in the record do not support this position. Both Plaintiff and Davis lacked the certification necessary by law for their position with the Detention Center, both were allowed to attempt re-certification on two occasions despite the memorandum from Harper that no one would be allowed a second attempt, and both were terminated upon their failure to pass the certification course on their second attempt. Plaintiff does not dispute that she was offered the opportunity to remain in her position for two weeks following notice of her failure to pass for the second time and she declined. Davis, however, took advantage of the offer. Plaintiff also does not dispute that she did not reapply for her position with the Marion County Detention Center following the one year waiting period. Davis, on the other hand, did reapply. Thus, the only differences between Plaintiff and Davis arise out of the decisions made by them individually regarding their future employment with the Marion County Detention Center. As such, Plaintiff also fails to show that anyone outside her protected class was treated more favorably than she was and, thus, fails to establish a prima facie case of gender discrimination. Accordingly, summary judgment is

appropriate.

## V.  CONCLUSION

For the reasons discussed above, it is recommended that Defendants' Motion for Summary Judgment (Document # 14) be granted and this case be dismissed in its entirety.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

May 10, 2013
Florence, South Carolina