IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Renee Ceasar, | ) | Civil Action No.: 4:11-cv-03397-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| Marion County, Marion County | ) | |
| Detention Center, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

  Plaintiff Renee Ceasar ("Plaintiff") filed this action against her former employer Defendants Marion County and the Marion County Detention Center ("Defendants") alleging that Defendants discriminated against her on the basis of gender in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e) *et seq*. On October 26, 2012, Defendants filed a Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 14.) Plaintiff filed a response in opposition on November 20, 2012 (ECF No. 16), and Defendants filed a reply on November 30, 2012. (ECF No. 17.) In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this pretrial employment discrimination matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for consideration. On May 10, 2013, the Magistrate Judge prepared a thorough Report and Recommendation ("Report") which recommends that Defendants' Motion for Summary Judgment be granted and this action dismissed in its entirety. (ECF No. 28.) For the reasons set forth herein, this court adopts the Report and Recommendation and Defendants' Motion for Summary Judgment is GRANTED and this action is dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates them and summarizes below in relevant part. Plaintiff was terminated from her position with the Marion County Detention Center for failure to successfully complete the basic training required for the position after two attempts. Plaintiff asserts that a male officer was treated more favorably than she was because he also was allowed a second attempt to pass the examination and, like Plaintiff was offered a 2-week notice for the purpose of finding new employment. After a year, the male officer reapplied and was rehired but had not taken the certification examination at the time of his hiring. Plaintiff declined to accept the 2-week notice period and did not reapply for her position with the Marion County Detention Center following the one year waiting period. Plaintiff alleges that Defendants discriminated against her because of her gender in violation of Title VII. Defendants argue that Plaintiff fails to present sufficient evidence to establish a prima facie case of discrimination because she did not meet the statutory requirements for her position and cannot identify any male officer who was treated more favorably than she was treated. The Magistrate Judge noted that Plaintiff does not dispute that she failed to meet the prerequisites required for her position and therefore fails to show that she was qualified for her position at the time of her termination. (ECF No. 28 at 9.) The Magistrate Judge also noted that both Plaintiff and the male officer were allowed to attempt re-certification on two occasions (despite the Marion County Administrator's memorandum that no one be allowed a second attempt), both were terminated upon their failure to pass on the second attempt, both were allowed the opportunity to remain in their position for two weeks following notice of the failure to pass, and both had the opportunity to reapply for the position after the mandatory one year waiting period. (ECF No. 28

at 9.) Thus, the only differences between Plaintiff and the male officer arise out of individual decisions made by each regarding their employment. Consequently, the Magistrate Judge concluded that summary judgment is appropriate because Plaintiff has also failed to show that anyone outside of her protected class was treated more favorably than she was treated, thereby establishing a prima facie case of gender discrimination. (ECF No. 28 at 9-10.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within fourteen days after being served a copy of the Report. 28 U.S.C. § 636(b)(1). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

Plaintiff filed timely objections to the Magistrate Judge's Report and Recommendation. (ECF No. 29.) Plaintiff categorized her objections as both factual and legal objections. First, Plaintiff argues that the Report and Recommendation fails to address Plaintiff's allegations of favoritism shown toward male employees of the Marion County Detention Center. Plaintiff admits that she did not present failure to promote as a cause of action, but contends that the failure to promote is evidence of discriminatory history. (ECF No. 29 at 4.) Next, Plaintiff argues that the Magistrate Judge's position that Plaintiff failed to establish a prima facie case is in error because

Plaintiff maintains that she has presented a genuine issue of material fact. (ECF No. 29 at 5.) Plaintiff argues that even though she failed the certification tests, she was not afforded the same favorable treatment as other employees who were allegedly promoted and permitted to go to the Criminal Justice Academy for certification. (ECF No. 29 at 6.) Finally, Plaintiff argues generally that the Magistrate Judge failed to consider the overall hostile work environment and its impact on Plaintiff, particularly in light of the hiring of Major Paul James as director of the Marion County Detention Center who Plaintiff claims failed to give her opportunities to improve. (ECF No. 29 at 7.) Plaintiff maintains that she has shown that there is a genuine issue of material fact regarding the treatment received by her versus the treatment received by other male employees. Defendants filed a reply to Plaintiff's objection to the Report and Recommendation noting that Plaintiff failed to make a specific objection to the findings of the Magistrate Judge and arguing that Plaintiff failed to address the stated and obvious reason for Plaintiff's termination. (ECF No. 33.)

    Plaintiff's objections fail to add any new arguments that would make this Court reject the Magistrate Judge's Report. The arguments set forth in Plaintiff's objections are the same ones presented to and considered by the Magistrate Judge in opposition to Defendants' Motion for Summary Judgment. (ECF No. 16.) Additionally, Plaintiff did not previously bring a claim asserting a hostile work environment (ECF No. 1-1) and has admittedly not brought a claim for failure to promote. (ECF No. 27.) Thus, Plaintiff cannot now claim that the Magistrate Judge erred in failing to consider these entirely new claims and the court finds no error in the Magistrate Judge's analysis and well-reasoned conclusions. In any event, the record does not support a finding of a prima facie case of a hostile working environment based upon gender.

**CONCLUSION**

The Court has carefully reviewed the objections made by Plaintiff and has conducted the required de novo review. After considering the motion, the record, and the Report and Recommendation of the Magistrate Judge, this court determines that the Magistrate Judge's recommended disposition is correct and the Report and Recommendation is adopted incorporated herein by reference. Therefore, it is ORDERED that Defendant's Motion for Summary Judgment (ECF No. 14) is GRANTED and this action hereby DISMISSED.

IT IS SO ORDERED.

<u>s/ Mary G. Lewis</u>
United States District Judge

Spartanburg, South Carolina
June 18, 2013